**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| ANDREW SILVERSTONE, | ) |
| | ) |
| Plaintiff, | ) |
| | )   **2:25-cv-77** |
| v. | ) |
| | ) |
| DETECTIVE EILEEN DAVIS, | ) |
| PAUL NEUDIGATE, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Andrew Silverstone, by counsel, brings this Complaint against the Defendants for violations of his constitutional rights and state law claims. In support, Plaintiff states the following:

## INTRODUCTION

1. This action arises from the arbitrary, unlawful, and unconstitutional seizure and retention of Plaintiff Andrew Silverstone's financial assets, property, and personal identification documents by members of the Virginia Beach Police Department (VBPD), led by Detective Eileen Davis, and overseen by Police Chief Paul Neudigate and City Attorney Mark Stiles, in violation of the Fourteenth Amendment's Procedural Due Process Clause and Virginia state law prohibiting conversion.

2. Plaintiff was afforded no pre-deprivation notice or opportunity to be heard prior to the seizure of his assets, bank accounts, and business funds.

3. No forfeiture proceedings, criminal charges, or legal justification were ever pursued regarding the assets taken from Plaintiff.

4. Only after over a year of political intervention and costly legal battles were Plaintiff's financial assets returned—without explanation, legal findings, or acknowledgment of wrongdoing by Defendants.

5. The entire course of conduct by Defendants lacked any legitimate legal basis, violating Plaintiff's constitutional rights and property interests, and causing devastating financial and reputational harm.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.

7. This Court has supplemental jurisdiction over Plaintiff's state law conversion claim pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because the acts and omissions giving rise to this lawsuit occurred within the Eastern District of Virginia.

## PARTIES

9. Plaintiff Andrew Silverstone is a veterinarian, business owner, and Army veteran residing in Virginia Beach, Virginia.

10. Defendant Eileen Davis is a Detective with VBPD, who personally orchestrated and executed the unconstitutional seizure and retention of Plaintiff's financial assets. She is sued in her individual capacity.

11. Defendant Paul Neudigate is the Chief of VBPD, who authorized and oversaw the unlawful seizures and retention of Plaintiff's property, or otherwise knew of and tacitly authorized the conduct of his subordinates in seizing and withholding the same without legal justification. He is sued in his individual capacity.

## FACTUAL ALLEGATIONS

### A. *Unwarranted and Arbitrary Seizure of Plaintiff's Assets Without Pre-Deprivation Process*

12. On November 22, 2021, VBPD, led by Detective Davis and under the direction of Defendant Neudigate, conducted a co-ordinated militarized raid on Plaintiff's veterinary hospital and his wife's dental lab, executing a no-knock search warrant with SWAT teams armed with rifles drawn.

13. No search warrant was presented before officers forcibly entered the premises and conducted their search.

14. On November 30, 2021, without any legal justification or pre-deprivation process, Defendants and VBPD froze and seized Plaintiff's personal and business financial accounts. Subsequently, on December 2, 2021, VBPD raided Plaintiff's home and seized Plaintiff's property without providing an accounting of items removed. Presumably this was part of a coordinated meritless fishing expedition by Defendants to exert pressure on Plaintiff without legal justification. Items seized in these raids include, but are not limited to:

- Personal and business checking and savings accounts
- Business operating funds for Plaintiff's veterinary hospital
- Retirement accounts, IRAs, and EE bonds
- Funds from an SBA loan and COVID relief grants
- Plaintiff's vehicle (which was financed by a bank, requiring continued loan payments)
- Plaintiff's and his family's U.S. passports, credit cards, computers, hard drives, phones, tax returns, business documents and other personal documents

15. No forfeiture proceedings, criminal charges, or legal notice of the seizures were provided.

16. Plaintiff was never given a hearing, nor was any legal process initiated to justify the deprivation of his property.

### B. *Arbitrary and Prolonged Retention of Assets Without Cause*

17. Despite multiple requests for explanation, discovery of legal basis, or a hearing, Defendants refused to provide Plaintiff with any process to challenge the asset seizure.

18. The seizures caused immediate and devastating financial, personal, emotional and reputational harm.

19. For over fifteen (15) months, Plaintiff's assets remained unlawfully held, despite the lack of any forfeiture proceedings, pending criminal charges, or investigatory developments.

### C. *Return of Property Without Explanation, Proving Seizure Was Arbitrary*

20. In February 2023, after intense political intervention and legal efforts, Plaintiff's financial assets were unceremoniously returned—without explanation or legal process.

21. The assets were returned without charges ever filed against him, proving that the entire seizure and retention were completely baseless.

22. Plaintiff's seized passport has still not been returned nor accounted for.

23. The arbitrary and prolonged deprivation of property, followed by its unexplained return, confirms that Defendants had no legitimate basis for the seizure and acted in violation of Plaintiff's due process rights.

## CAUSES OF ACTION

### A. *COUNT I – 42 U.S.C. § 1983 – Procedural Due Process Violation*

24. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25. Under the Fourteenth Amendment, Plaintiff had a protected property interest in his financial assets and personal property.

26. Defendants, acting under color of state law, conspired to seize and did seize Plaintiff's property without affording him pre-deprivation notice or a meaningful opportunity to challenge the seizure, and without credible legal justification.

27. Specifically, Defendant Davis unlawfully directed and actively participated in the seizure and retention of Plaintiff's property without affording notice or process, and without legal justification.

28. Defendant Neudigate, as Police Chief, either personally directed and authorized the seizure and retention of Plaintiff's property without affording notice or process, and without legal justification; or he otherwise had knowledge that his subordinates were engaged in activity that posed a pervasive and unreasonable risk of contitutional injury to Plaintiff and his response was so inadequate as to show deliberate indifference to or tacit authorization of the same.

29. No legitimate legal process ever afforded to Plaintiff, violating well-established due process protections.  Instead, Plaintiff had to expend significant resources and retain legal counsel to "negotiate" the return of his wrongfully seized and held assets and property.

30. The retention of Plaintiff's assets for over a year without initiating forfeiture proceedings or providing any hearing process constitutes a flagrant due process violation.

31. An affirmative causal link exists between the action and inaction of Defendants and the constitutional violations suffered by Plaintiff.

32. As a direct result of Defendants' actions and inaction, Plaintiff suffered severe financial, reputational, and emotional damages.

### B. COUNT II – Civil Rights Conspiracy

33. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

34. At all relevant times, Defendants conspired to violate and deprive Plaintiff of his constitutional rights as described in this complaint.

35. The conspiracy of the Defendants has injured Plaintiff financially and emotionally and has resulted in significant personal loss and reputational harm.

36. This conspiracy is ongoing insofar as Plaintiff's property is still wrongfully withheld and no justification, process or explanation has been provided by Defendants.

### C. COUNT III – State Law Claim: Conversion

37. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

38. Under Virginia law, conversion occurs when a party wrongfully exercises dominion over another's property without consent.

39. At all relevant times, Plaintiff owned or otherwise rightfully possessed the assets and property described herein.

40. At no time did Plaintiff consent to Defendants' seizure of his assets and property.

41. Defendants wrongfully seized and retained Plaintiff's personal and business assets and property without legal justification.

42. The failure to initiate any forfeiture proceedings or return the property within a reasonable time demonstrates without legal justification reflects clear bad faith and constitutes conversion.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against the Defendants in an amount to be set by a jury to include:

1. Compensatory and punitive damages in amounts to be proven at trial;
2. Interest;

3. Attorney's fees under 42 U.S.C. § 1988;

4. Such further relief as justice requires.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

**ANDREW SILVERSTONE**

/s/
Seth Carroll (VSB No. 74745)
Commonwealth Law Group
3311 West Broad Street
Richmond, Virginia 23230
804.999.9999
scarroll@hurtinva.com