# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| Andrew Silverstone<br><br>    Plaintiff,<br><br>v.<br><br>Detective Eileen Davis<br><br>and<br><br>Chief Paul Neudigate<br><br>    Defendants. | Civil Action No. 2:25-cv-77 |

## DEFENDANTS DAVIS' AND NEUDIGATE'S ANSWER

COME NOW the Defendants, Detective Eileen Davis and Chief Paul Neudigate, by counsel, and for their Answer to the Complaint filed by Plaintiff, state as follows:

## INTRODUCTION

1. Defendants deny the allegations set forth in paragraph 1 of the Complaint.

2. Defendants deny the allegations set forth in paragraph 2 of the Complaint.

3. Defendants deny the allegations set forth in paragraph 3 of the Complaint, except admit only that no forfeiture proceedings or criminal charges were brought against the Plaintiff.

4. Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5. Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants do not contest jurisdiction in this matter, but otherwise deny any and all factual allegations contained therein.

7. Paragraph 7 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants do not contest supplemental jurisdiction over Plaintiff's state law conversion claim in this matter, but otherwise deny any and all factual allegations contained therein.

8. Paragraph 8 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants do not contest venue in this matter, but otherwise deny any and all factual allegations contained therein.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and accordingly deny the same, except admit only that Plaintiff is a veterinarian and business owner.

10. Defendants deny the allegations set forth in paragraph 10 of the Complaint, except admit only that Eileen Davis was a Detective with the Virginia Beach Police Department and Detective Davis executed the search warrant on Plaintiff's assets.

11. Defendants deny the allegations set forth in paragraph 11 of the Complaint, except admit only that Paul Neudigate is the Chief of the Virginia Beach Police Department.

12. Defendants deny the allegations set forth in paragraph 12 of the Complaint, except admit only that Detective Davis executed a search warrant at Plaintiff's business on November 22, 2021.

13. Defendants deny the allegations set forth in paragraph 13 of the Complaint, except admit only that no search warrant was presented to Plaintiff prior to execution of the search and affirmatively aver that such a presentation was neither required nor necessary.

14. Defendants deny the allegations set forth in paragraph 14 of the Complaint, except admit only that on November 30, 2021, Detective Davis seized Plaintiff's financial accounts

pursuant to a lawfully executed search warrant; on December 2, 2021, Detective Davis seized items from Plaintiff's residence pursuant to a lawfully executed search warrant; and items seized from the lawfully executed search warrants included: personal and business checking and savings accounts; business operating funds for Plaintiff's veterinary hospital; retirement accounts, IRAs, and EE bonds, funds from SBA loan and COVID relief grants; Plaintiff's vehicle; and Plaintiff's and his family's U.S. passports, credit cards, computers, hard drivers, phones, tax returns, business documents, and other personal documents.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint, except admit only that no forfeiture proceedings or criminal charges were brought against the Plaintiff.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint, except admit only that Plaintiff's financial assets that were seized pursuant to a lawfully executed search warrant were returned on or about February 2023.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint, except admit only that no criminal charges were brought against the Plaintiff.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint, except admits that Plaintiff's passport is still in the custody of the Virginia Beach Police Department.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. Defendants re-allege and incorporate by reference herein their responses to paragraphs 1 through 23 of this Answer as it fully set forth herein.

25. Paragraph 25 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any and all factual allegations contained therein.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint, except admit only that Detective Davis lawfully executed the search warrant, resulting in the seizure of Plaintiff's property.

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. Defendants re-allege and incorporate by reference herein their responses to paragraphs 1 through 32 of this Answer as it fully set forth herein.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants re-allege and incorporate by reference herein their responses to paragraphs 1 through 36 of this Answer as it fully set forth herein.

38. Paragraph 38 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any and all factual allegations contained therein.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in the **PRAYER FOR RELIEF** clause of the Complaint, and deny any and all allegations in the Complaint that they are liable or indebted to Plaintiff in the amounts demanded, or in any amount whatsoever, under any legal theory whatsoever.

44. Defendants deny any and all allegations in the Complaint not expressly admitted herein.

## AVERMENTS

45. Defendants affirmatively aver and plead that they did not breach any duty owed to Plaintiff as alleged or may be construed from the Complaint.

46. Defendants affirmatively aver and plead that the incident referred to in the Complaint did not occur in the manner and form alleged therein.

47. Defendants affirmatively aver and plead that Plaintiff has failed to state a claim upon which relief may be granted.

48. Defendants deny that they breached any duty owed to Plaintiff as alleged or may be construed from the Complaint.

49. Defendants affirmatively aver and plead that the Complaint fails to allege facts, even if proven as true, sufficient to establish a constitutional violation and/or a violation of clearly established law by any which would give rise to liability in this matter as to any Defendant.

50. Defendants affirmatively aver and plead that they are entitled to qualified immunity where Plaintiff has no evidence establishing a constitutional violation and/or a violation of clearly established law.

51. Defendants affirmatively aver and plead that they were not personally involved in any constitutional deprivation alleged in the Complaint.

52. Defendants affirmatively aver and plead that some or all of Plaintiff's claims are barred by Plaintiff's own intentional conduct and/or voluntary participation in possible unlawful activity which are the proximate causes of any injuries or damages of which Plaintiff now complains, if he is able to prove them.

53. Defendants affirmatively aver and plead that they believed, in good faith, that their conduct was at all times lawful and objectively reasonable.

54. Defendants affirmatively aver and plead that Plaintiff's claims are barred, in whole or in part, by his own contributory negligence and/or assumption of the risk.

55. Defendants affirmatively aver and plead that some or all of Plaintiff's claims are barred or limited by Plaintiff's own failure to mitigate his damages.

56. Defendants affirmatively aver and plead that some or all of Plaintiff's claims are barred by the existence of a lawful search warrant and/or a magistrate's independent determination in issuing a search warrant that probable cause to search existed.

57. Defendants reserves the right to amend this Answer up to and during trial based on new or additional evidence.

58. Defendants reserve the right to rely upon such other and further defenses as may become apparent hereafter through discovery and trial.

WHEREFORE, the Defendants, Detective Eileen Davis and Chief Paul Neudigate, respectfully request that the Complaint be dismissed with prejudice, that they recover their costs and expenses incurred herein, and that they be granted such other and further relief as the Court deems proper.

Respectfully submitted,

**DETECTIVE EILEEN DAVIS AND CHIEF PAUL NEUDIGATE**

By: */s/ Zachary T. Burkholder*
    Of Counsel

**Mark D. Stiles (VSB No. 30683)**
City Attorney
**Christopher S. Boynton (VSB 38501)**
Deputy City Attorney
**Christopher J. Turpin (VSB No. 97321)**
Associate City Attorney
**Zachary T. Burkholder (VSB No. 90597)**
Associate City Attorney
Attorneys for Paul Neudigate and Eileen Davis
Office of the City Attorney
Municipal Center, Building One
2401 Courthouse Drive, Room 2098
Virginia Beach, Virginia 23456
(757) 385-8803 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
CTurpin@vbgov.com
ZTBurkholder@vbgov.com

# CERTIFICATE OF SERVICE

      I hereby certify that on the 23rd day of June 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, and will then send a notification of such filing (NEF) to the following individuals:

    Seth Carroll (VSB No. 74745)
    Commonwealth Law Group
    3311 West Broad Street
    Richmond, Virginia 23230
    804.999.9999
    scarroll@hurtinva.com

    /s/ *Zachary T. Burkholder*
    Zachary T. Burkholder
    *Associate City Attorney*

**Mark D. Stiles (VSB No. 30683)**
City Attorney
**Christopher S. Boynton (VSB 38501)**
Deputy City Attorney
**Christopher J. Turpin (VSB No. 97321)**
Associate City Attorney
**Zachary T. Burkholder (VSB No. 90597)**
Associate City Attorney
Attorneys for Paul Neudigate and Eileen Davis
Office of the City Attorney
Municipal Center, Building One
2401 Courthouse Drive, Room 2098
Virginia Beach, Virginia 23456
(757) 385-8803 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
CTurpin@vbgov.com
ZTBurkholder@vbgov.com